IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANNY SEDILLO,

    Plaintiff,

vs.                                                                                     Civ. No. 98-270 MV\LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

Proposed Findings

    1. This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, filed December 3, 1998. The Commissioner denied Plaintiff's request for supplemental security income benefits. Plaintiff alleges a disability due to high blood pressure, illiteracy, and back, heart, and liver problems. He also claims to suffer from a mental impairment.

    2. The Commissioner denied Plaintiff's application for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the applications. The Appeals Council did not review the ALJ's decision, thus the final decision of the Commissioner is the ALJ's decision. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

    3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted). Additionally, the

1

Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. **Id**. (citation omitted).

4. Plaintiff raises the following allegations of error with respect to the ALJ's decision: 1) the ALJ's residual functional capacity (RFC) determination of light work is not supported by substantial evidence and is contrary to law; 2) the ALJ's finding that the Plaintiff's mental impairment is not severe is not supported by substantial evidence and is contrary to law; and 3) the ALJ's application of the medical-vocational guidelines (grids) is not supported by substantial evidence and is contrary to law.

5. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." **Id**. at 1486 (citing 42 U.S.C. §423 (d)(1)(A)). To determine disability, the Commissioner has established a five step sequential evaluation process. **Id**. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. **Id**. (citations omitted).

6. Steps two and five of the sequential evaluation process are at issue in this case. At step two, the claimant must show that he has an impairment or combination of impairments which are severe enough to limit his ability to do basic work activities. 20 C.F.R. §416.920(c). At step five, the burden shifts to the Commissioner to show that the claimant has an RFC to do work in the national economy other than past relevant work. 20 C.F.R. §416.920(f). The grids are used at this step to determine whether disability exists. 20 C.F.R. Part 404, Subpt. P, App. 2. The grids reflect the existence of jobs in the national economy at various RFC levels by incorporating administrative notice of occupational publications and studies. 20 C.F.R. §416.966(d). This aids

the Commissioner in determining what specific job types in the national economy the claimant can perform. The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §2000(e)(2).

7. The Plaintiff argues first that the ALJ's RFC finding is not supported by substantial evidence and is contrary to the law. Specifically, the Plaintiff complains that the ALJ improperly used evidence of the Plaintiff's limited activities and improperly ignored the RFC evidence produced by the Commissioner's consulting physician, Dr. Hamilton. The Plaintiff finds two problems with the ALJ's use of the Plaintiff's limited activities. First, the Plaintiff contends that the ALJ's statement that there is not "sufficient evidence to show that [the Plaintiff] has had difficulty sitting for prolonged time periods or lifting/carrying objects weighing more than 15 pounds," Tr. 17, is based on absence of evidence rather than positive evidence of the Plaintiff's physical ability to engage in light work.[1] Consequently, the Plaintiff believes that this statement constitutes an improper shift in the burden of proof to the Plaintiff.

8. The Commissioner cannot theorize about a claimant's ability to perform at a particular RFC level. *See Haley v. Celebrezze*, 351 F.2d 516, 519 (10th Cir. 1965). The Commissioner is simply not qualified to analyze bare medical findings in coming to conclusions regarding a claimant's ability to perform work. *Rosado v. Sec'y of Health & Hum. Serv.*, 807 F.2d 292, 293-94 (1st Cir. 1986). In other words, the Commissioner cannot substitute his judgment for that of a medical expert by finding that the claimant failed to present evidence that he cannot perform at a certain physical level or RFC. *West v. Sullivan*, 751 F.Supp. 647, 648 (N.D.Tex. 1990); *McCrea*

---

[1]Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds, requires a good deal of walking, standing, or pushing and pulling when sitting is involved. Soc. Sec. Ruling 83-10.

3

*v. Heckler*, 580 F.2d 1106, 1109 (W.D.N.C. 1984). To do so would be to inappropriately shift the Commissioner's burden of proof to the claimant. *Rosado*, 807 F.2d at 293-94. *See also Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996); *Thompson*, 987 F.2d 1482, 1491 (10th Cir. 1993). The ALJ in this case did not present "positive" evidence regarding the Plaintiff's physical ability to meet the exertional requirements of light work. Instead, he relied on the absence of evidence that the Plaintiff could not do such work. This is an improper shift in the burden of proof. I, therefore, find that the ALJ erred in that respect.

    9. The Plaintiff also argues that the ALJ's statement that "one of [the Plaintiff's] few daily living activities consists of watching television, presumably in a seated position," Tr. 17; and the ALJ's observation that the Plaintiff reported three months before the administrative hearing that he walks a ½ mile a days to visit a friend and walks around the house, Tr. 16, cannot be used, without more, to support an RFC finding of light work. Clearly, the ALJ's statement about watching television in a seated position lacks probative value because there is no evidence that the Plaintiff actually sits while watching television rather than reclining fully or partially. *See Ragland v. Shalala*, 972 F.2d 1056, 1059 (10th Cir. 1993). However, as the parties acknowledge, such daily activities as walking may be considered, along with other evidence, in determining whether a person is entitled to disability benefits. *See Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1987). The ALJ in this case, contrary to the Plaintiff's representation, considered other evidence in addition to the Plaintiff's daily walks in making the RFC determination. For example, the ALJ reviewed the medical evidence including the Plaintiff's lack of treatment and lack of pain medication. Tr. 15-17. Under those circumstances, I find that the ALJ did not err in considering the Plaintiff's walking habits.

10. Next, the Plaintiff alleges that the ALJ improperly disregarded Dr. Hamilton's RFC findings. It is within the ALJ's authority to reject physicians' opinions which are unsupported by the objective evidence of record. *See Castellano v. Sec. of Health & Hum. Serv.*, 26 F. 3d 1027, 1029 (10th Cir. 1994). Moreover, the opinion of a consulting doctor is less probative than that of a claimant's treating physician. *Broadbent v. Harris*, 698 F.2d 407 (10th Cir. 1983). "[T]he report of a consulting physician who examined the claimant once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the claimant's treating physician." *Henderson v. Sullivan*, 930 F.2d 19, 20 (8th Cir. 1991) (quotation omitted). In this instance, the ALJ accurately noted that "[a]lthough Dr. Hamilton also assessed lower extremity radiculopathy, this opinion was not shared by Dr. Brown," Plaintiff's treating physician. Tr. 16. In addition, the ALJ observed that, in contradiction to Dr. Hamilton's report, Dr. Brown had not placed any physical restrictions on the Plaintiff. Tr. 17. The ALJ also correctly stated that the Plaintiff did not take any medication for his back pain nor had he sought any medical attention since July 1995. *Id.* I find that these factual findings by the ALJ are sufficient to make Dr. Hamilton's report suspect and so the ALJ properly rejected Dr. Hamilton's RFC assessment.

11. The Plaintiff further contends that the ALJ erred by finding that the Plaintiff's mental impairment is not severe. For an impairment to be severe it must limit basic work activities such as the ability to follow simple instructions; use of judgment; appropriate responses to fellow workers, supervisor, and usual work situations; and the ability to deal with changes in routine work. 20 C.F.R. §416.921(b). If the evidence is unclear as to whether the impairment is severe or not, the sequential evaluation process is continued. Soc. Sec. Ruling 85-28. Here, the medical record indicates that on June 12, 1995, the Plaintiff was found to have a depressed mood and was

5

diagnosed with a possible anxiety disorder. Tr. 98. On July 24, 1995, the Plaintiff had an appointment with a psychiatrist and complained of "longstanding anxiety & fear of crowds. Afraid he'll lose control & hurt somebody-tho [sic] he never has." *Id*. At that time, the Plaintiff was diagnosed with generalized anxiety, possible agoraphobia, and avoidant personality. *Id*. The psychiatrist prescribed Zoloft. *Id*. As recently as July 1996, Dr. Hamilton noted that the Plaintiff's "ability to recall specific details ranged from poor to excellent." Tr. 106. The evidence also indicates that the Plaintiff attended special education classes while in public schools. Tr. 107, 128. At the administrative hearing, the Plaintiff testified that he is nervous. Tr. 130. He also testified that when he gets nervous, he feels mad and feels like hitting someone. Tr. 133-34. The Plaintiff noted that the medication no longer helped him. Tr. 135. The Plaintiff further testified to being depressed as well as possessing poor memory and concentration abilities. Tr. 134-36.

12. The ALJ found that the Plaintiff's mental impairment is not severe for several reasons: the ALJ noted that the Plaintiff did not seek any further mental help; the Plaintiff did not allege a disability due to a mental impairment; Plaintiff no longer takes Zoloft; and Dr. Hamilton did not diagnose the Plaintiff with any psychological disorder. Tr. 13. The ALJ's reasoning, however, is flawed. A lack of treatment does not necessarily preclude the existence of a mental impairment. *See Blankenship v. Bowen,* 874 F.2d 1116, 1124 (6th Cir. 1989) ("it is questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation"). Further, claimants suffering from mental disorders have symptom-free intervals during which they feel no need to seek treatment. *See Singletary v. Bowen*, 798 F.2d 818, 821 (5th Cir. 1986). Additionally, the doctor who prescribed the Zoloft must have believed that the Plaintiff actually suffered from a mental illness. *See Ostrowski v. Heckler*, 609 F.Supp. 1109,

6

1117 (D.C. Ill.1985)(prescription for pain medication indicates the doctor believed the pain was real and grounded in objective medical evidence). Moreover, although the Plaintiff did not initially allege a disability due to a mental impairment, the subsequent medical records demonstrating a mental impairment diagnosis, the request for a mental consultation, and the Plaintiff's testimony at the administrative hearing are all sufficient to have alerted the ALJ to consider the Plaintiff's mental impairment. *See, e.g., Andrade v. Secretary of Health and Human Services*, 985 F.2d 1045, 1049 (10th Cir. 1993). Finally, Dr. Hamilton is not a psychiatrist or psychologist and could not be expected to give a competent mental diagnosis. For the above reasons, I find that the ALJ erred by not supporting with substantial evidence nor applying the correct legal analysis to his determination that the Plaintiff's mental impairment is not severe.

13. Lastly, the Plaintiff argues that the ALJ erred when he conclusively applied the grids in this case. In light of the above discussion, the issue of the use of the grids will have to be revisited by the Commissioner upon remand. Consequently, I will not address the Plaintiff's concerns regarding the use of the grids at this time.

## Recommended Disposition

I recommend granting the Plaintiff's Motion to Reverse and Remand for a Rehearing in part. Specifically, I recommend remanding this matter to the Commissioner so that he shall obtain evidence of the Plaintiff's physical ability to work and so make a proper RFC determination; properly consider the evidence that the Plaintiff watches television; properly determine whether the Plaintiff's mental impairment is severe; and properly use the grids in accordance with the findings resulting from the remand. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed

7

findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
United States Magistrate Judge